[No. 9029.    Department One.    December 12, 1910.]

WILLIAM A. SEXSMITH, *Respondent*, v. GEO. A. BROWN *et al.,*
*Appellants.*[1]

APPEAL—REVIEW—LAW OF CASE—INSTRUCTIONS. Instructions, not
excepted to, become the law of the case.

APPEAL—REVIEW—VERDICTS. Findings of a jury, supported by
competent evidence, are conclusive on appeal.

NEW TRIAL—AFFIDAVITS· OF JURORS—IMPEACHING VERDICT. Affida-
vits of jurors in support of a motion for a new trial cannot be re-
ceived to affect matters that manifestly inhere in the verdict.

Appeal from a judgment of the superior court for Douglas
county, Steiner, J., entered December 18, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on a promissory note. Affirmed.

*Canton & Hensel*, for appellants.

*W. A. Reneau*, for respondent.

RUDKIN, C. J.—This action was instituted by the plaintiff
to recover from the defendants the sum of $373.50, according
to the terms and conditions of a certain promissory note,
executed by the latter in favor of the former on the 28th day
of July, 1902. The sole issue in the case was presented by a
plea of payment. The case was tried before a jury, and from
a judgment in favor of the plaintiff, according to the prayer
of his complaint, this appeal is prosecuted.

The promissory note in suit was secured by a chattel mort-
gage on certain horses and other personal property belong-
ing to the appellants, who offered testimony tending to show
that, on or about the 1st day of September, 1903, they sold
and delivered to the respondent four head of these horses
and a set of double harness, in full payment and satisfaction
of the note and mortgage. The respondent, on the other

[1]Reported in 112 Pac. 337.

hand, offered testimony tending the show that the horses and
harness were turned over to him as mortgagee, with authority
to sell and dispose of the same and apply the proceeds of the
sale on the note and mortgage; that the horses were taken
from his possession by the sheriff of Douglas county, under
and by virtue of writ of attachment issued against the prop-
erty of the appellants, and were thereafter sold by the sheriff
to satisfy a judgment against the appellants in the attach-
ment suit.  On the issues thus presented, the court instructed
the jury as follows:

"This narrows this controversy between these two parties
down to a single question:—Did Sexsmith accept and receive
the horses and harness in question in satisfaction and full
payment of his said note and mortgage against Brown?

"If you find from a fair preponderance of the evidence that
Sexsmith and Brown mutually agreed that Sexsmith should
take the four horses and the harness in question as and for
his own property, and in consideration thereof release Brown
from any further obligation on said note and mortgage—and
that in pursuance of such an agreement Brown delivered the
horses and harness to Sexsmith for the purpose of extinguish-
ing the debt evidenced by the note, and that Sexsmith accepted
the property for the same purpose, then I instruct you that
the note and mortgage would be fully paid and satisfied, and
your verdict should be for the defendant, Brown.  In such
case the title to the horses and harness would pass to Sex-
smith—they would become his property solely and exclusively
—and if the horses were afterwards taken from him, right-
fully or wrongfully, the loss would be his, and not Brown's.

"On the other hand, if Sexsmith did not take the horses in
satisfaction of the note against Brown, but took possession
of them merely as mortgagee for the purpose of selling them,
only, and applying the proceeds on the note, and they were
afterwards taken from him and lost to him, without any
fault of his own, then, I instruct you, there would be no pay-
ment of the note in question, and your verdict should be for
the plaintiff, Sexsmith.

"If, as claimed by Sexsmith, he took possession of the
horses as mortgagee only, and they were afterwards taken
from him by the sheriff under a writ of attachment based on a
suit then pending against Brown, by a third party, then I

instruct you that Sexsmith would have been entitled to recover the property from the sheriff by appropriate action in this court, and thereafter sell the horses under his mortgage lien, had he chosen to do so, but he would have been under no obligation to prosecute such an action by reason of any duty resting upon him as mortgagee.  He would have had the right, if he saw fit to do so, to waive his mortgage and the lien created thereby, and rely solely and exclusively on his note."

These instructions were not excepted to and have become the law of the case, so that we are not called upon to determine whether any other or higher duty devolved upon the respondent as a mortgagee in possession than that imposed by the court below.  Under these instructions the jury found that the horses and harness were not turned over or delivered to the respondent in payment or satisfaction of the debt, and their findings are supported by competent testimony.  This, under the charge of the court, was the only issue in the case.

The matters set forth in the affidavits of jurors, filed in support of the motion for a new trial, so manifestly inhere in the verdict that the assignment of error based on the order denying the new trial requires no special consideration. Finding no error in the record, the judgment is affirmed.

FULLERTON, GOSE, MOUNT, and PARKER, JJ., concur.